**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

RODDRICUS CORDELL MAITEN,          :

    Petitioner,          :

                 CIVIL ACTION NO. 19-01036-TFM-MU

                 :

vs.          CRIMINAL NO. 18-0239-TFM-MU

                 :

UNITED STATES OF AMERICA,

                 :

    Respondent.

## REPORT AND RECOMMENDATION

This cause is before the undersigned on Petitioner Roddricus Cordell Maiten's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 46), and the government's response in opposition (Doc. 52).[1] This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Following consideration of all relevant pleadings in this case, it is recommended that Maiten's § 2255 motion be **DENIED/DISMISSED** without an evidentiary hearing, because "'it plainly appears from the face of the motion and [the] annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]'" *Broadwater v. United States,* 292 F.3d 1302, 1303 (11th Cir. 2003) (citation omitted); *see also Rosin v. United States,* 786 F.3d 873,

---

[1]    Petitioner was granted an extension of time to reply to the Government's response in opposition (*compare* Doc. 54 *with* Doc. 53 (petitioner's request for additional time)); however, Maiten has yet to file a reply (*see* Docket Sheet) though that extended time period has long since passed.

878 (11th Cir.) ("It is well-settled that the district court is not required to grant an evidentiary hearing when the defendant's claims are affirmatively contradicted by the record evidence, nor is a hearing required if the claims are grounded upon generalizations that are unsupported by the record evidence."), *cert. denied,* __ U.S. __, 136 S.Ct. 429, 193 L.Ed.2d 320 (2015).

## FINDINGS OF FACT

On August 30, 2018, an indictment was returned against Roddricus Cordell Maiten, charging him with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1, PageID. 1 ("**MAITEN** having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, to-wit: Assault in the First Degree, on or about February 9, 2011, in the Circuit Court of Perry County, Alabama, case number CC-2010-000054, did knowingly possess, in and affecting interstate commerce, a firearm, namely, a Hi-point Model C 9mm caliber handgun bearing the serial number P212217.")).

On November 15, 2018, Maiten entered a counseled guilty plea to the sole count of the indictment (*see* Doc. 50), pursuant to a plea agreement (*see* Doc. 17). As relevant here, the plea agreement indicates that Maiten specifically acknowledged his desire to waive certain elucidated constitutional rights and plead guilty to possessing a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1) (*see id.,* PageID. 64) and, further, acknowledged that the Factual Resume attached to the agreement was "true and correct." (*Id.,* PageID. 65; *see also id.,* PageID. 76 ("I have consulted with my counsel and fully understand all my rights with respect to the offense charged in the

2

Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.")). The Factual Resume reads, in relevant measure, as follows:

MAITEN was previously convicted of Assault First Degree, on or about February 9, 2011, in the Circuit Court of Perry County, Alabama, case number CC 2010-54.

On February 18, 2017, a driver's license checkpoint was being conducted in Uniontown, Alabama. MAITEN was driving a vehicle that was stopped at the checkpoint for a license check. MAITEN's license was suspended. MAITEN was ordered to pull over behind the Officer's patrol car.

After pulling over, MAITEN's passenger, N.P., presented a valid driver's license. Consequently, the Officer asked N.P. and MAITEN to switch seats, since she could drive and he could not. When MAITEN opened the driver's door to switch seats, the Officer observed a loaded 9mm handgun magazine in the driver's side door pocket. Upon seeing this, the Officer asked if there were any weapons in the car. MAITEN said there were no weapons, and that the Officer could search the vehicle.

While N.P. was handing the magazine to the Officer, he noticed MAITEN bending down near the passenger side of the vehicle. The Officer then heard a noise that sounded like metal hitting concrete. When the Officer walked around to the passenger side of the car, he observed a black handgun, a Hi-Point Model C 9mm handgun, serial number P212217, under the vehicle and close to MAITEN. At this point, the Officer put his hands on MAITEN to secure him for officer safety. However, MAITEN fled on foot, but after a short chase, MAITEN was tasered and apprehended.

In summary, on or about February 18, 2017, after having been convicted of the above-referenced felony offense, MAITEN was in knowing possession of the above-described firearm which was

> manufactured outside of the state of Alabama and therefore affected
> interstate commerce.

(*Id.,* PageID. 79-80).

During the course of his guilty plea proceeding on November 15, 2018, Maiten was asked by the Court whether he had fully discussed the plea agreement with his attorney before he signed it,[2] and whether he understood that the plea agreement represented the entire understanding he had with the government concerning the intended disposition of the charges pending against him; as to each of these inquiries, Maiten replied in the affirmative. (*See* Doc. 50, PageID. 191). He twice confirmed that no one had made any promises or assurances of any kind that were not written down in his plea agreement (to get him to plead guilty), specifically informed the Court that no one had threatened him or in any way forced him to accept the plea agreement or plead guilty and informed the Court that he was pleading of his own free will because he was in fact guilty. (*See id.*, PageID. 191-92). Maiten also acknowledged his understanding of the rights he was waiving or giving up by pleading guilty. (*See id.,* PageID. 197-99). After making all of these acknowledgements, the following discussion was had between the Court and Maiten regarding the charges to which he desired to enter a plea of guilty and the burden on the government to obtain a conviction had he chosen to go to trial:

> THE COURT: Mr. Maiten, to obtain a conviction of you at trial, the
> government would have to show several things, all beyond a reasonable
> doubt and by competent evidence. The first thing they would have to show
> is that you knowingly—that is, not by way of mistake or accident, but
> willfully and purposely and fully intending to do so—[] possessed a

---

[2]     Maiten also acknowledged that he discussed the indictment with his attorney and that he was fully satisfied with the counsel, representation and advice given to him by defense counsel. (Doc. 50, PageID. 188).

4

firearm. Secondly, they would have to show that that firearm traveled in either interstate or foreign commerce, meaning that it either traveled into the state of Alabama from outside Alabama or from outside the United States altogether. And, secondly, that at some point before you possessed that firearm you had been convicted of a crime by either pleading guilty or going to trial and being found guilty of some crime under either federal or state law for which you could have received more than a year in custody. Now, the government would not have to show that you actually served more than a year or that you received a sentence in excess of a year. All they would have to show is that you either pled guilty to or were convicted at the trial of some crime in a federal or state court for which the judge could have sentenced you to more than a year in jail.

Do you understand what it is the government would have to show beyond a reasonable doubt any by competent evidence to obtain a conviction of you at trial?

THE DEFENDANT: Yes, sir.

THE COURT:  All right. Mr. Maiten, before I may accept a plea of guilty from you, I must ask you some questions to satisfy myself that you are in fact guilty. Mr. Maiten, are you the Roddricus Cordell Maiten listed in count one of the indictment?

THE DEFENDANT:  Yes, sir.

THE COURT:  Mr. Maiten, on February the 19th of 2017, were you in Uniontown, Alabama?

THE DEFENDANT:  Yes, sir.

THE COURT:  I take judicial notice that that is in the Southern District of Alabama.

On that day, Mr. Maiten, did you knowingly—that is, not by way or mistake or accident, but willfully and purposely and fully intending to do so—have in your possession a Hi-Point 9-milllimeter pistol?

THE DEFENDANT:  Yes, sir.

THE COURT:  Mr. Maiten, in the year 2010 did you either plead guilty to or were you found guilty after a trial in the Circuit Court of Perry County, Alabama, of assault in the first degree?

THE DEFENDANT:  Yes, sir.

        THE COURT:  I take judicial notice that assault in the first degree is
a felony under the laws of the state of Alabama and the United States.

        And are you satisfied, Counselors, with the factual basis for count
one?

        MS. O'BRIEN:  Yes, Your Honor, I am. []

        THE COURT:  And you, counselor, satisfied with the factual basis?

        MR. TIEMANN:  Yes, sir, Your Honor.

        THE COURT:  Mr. Maiten, to the charge in count one how do you
plead, guilty or not guilty?

        THE DEFENDANT:  Guilty.

(*Id.,* PageID. 199-201; *see also id.* at PageID. 202 (the Court asked Maiten to confirm

his plea of guilty or not guilty to count one of the indictment after discussion regarding

changing the forfeiture language in the plea agreement to specify the specific firearm

listed in the indictment as the item to be forfeited; Maiten stated that he was pleading

"[g]uilty" to the charge in count one)). "It is the finding of the Court in the case of United

States versus Roddricus Cordell Maiten that the defendant is fully competent and

capable of entering an informed plea and that the defendant is aware of the nature of

the charges and the consequences of the plea and that the plea of guilty is a knowing

and voluntary plea supported by an independent basis in fact containing each of the

essential elements of the offense. The plea is therefore accepted and the defendant is

now adjudged guilty of count one." (*Id.*).

        The presentence investigation report ("PSR") described Maiten's criminal history

in some detail (*see* Doc. 31, PageID. 119-20), including a February 7, 2011 guilty plea

to first-degree assault for which he received a 20-year term of imprisonment, "split to serve 3 years, balanced suspended" upon successful completion of a five-year probationary term. (*Id.,* PageID. 119*; see also* PageID. 120). During sentencing, on June 13, 2019, Maiten expressly stated that he "did have a gun[]" despite knowing that he was not "supposed to have it." (Doc. 51, PageID. 214; *see also id.* ("I just had it for my own protection. Me and . . . my child and my fiancée, we had moved to Tuscaloosa, you know, in a bad-like neighborhood or whatever. But that still ain't no reason for me to have had a gun. But I just had it for protection. It wasn't . . . to go do no harm to nobody or anything like that. And I apologize. And I just hope you will be lenient against me.")). The Court issued a low-end guidelines sentence of 37-months imprisonment. (*Id.,* PageID. 217; *see also* Doc. 42 (judgment signed and entered on June 24, 2019)).

Maiten did not directly appeal his conviction and sentence (*see* Docket Sheet); instead, on November 25, 2019, he filed his motion to vacate in this Court (Doc. 46, PageID. 173 (Maiten's declaration that he placed his motion to vacate in the prison mailing system on November 25, 2019)); *see also* Doc. 46-1 (petitioner's memorandum of facts and law in support of his motion to vacate)). In his brief in support of his motion to vacate, Maiten raises the following claims for relief, all grounded on the Supreme Court's decision in *Rehaif v. United States,* ___ U.S. ___, 139 S.Ct. 2191, 204 L.Ed.2d 594 (2019) : (1) the § 922(g) conviction and sentence must be vacated due to a lack of jurisdiction; (2) the indictment was constitutionally defective/insufficient because it failed

to state a crime against the United States;[3] and (3) the guilty plea was involuntary and unknowingly given in violation of due process. (*See* Doc. 46-1, PageID. 176-182).

In its response in opposition, the government stakes the position that Maiten's jurisdictional claim has no merit and that he has procedurally defaulted his remaining non-jurisdictional claims. (*See generally* Doc. 52).

## CONCLUSIONS OF LAW

A. __Legal Standard.__ Section 2255 reads, in relevant part, as follows: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Thus, as the language of § 2255(a) makes clear, "the grounds for collateral attack on a final judgment . . . are limited[,]" *Gayle v. United States,* 2020 WL 4339359, *3 (S.D. Fla. July 28, 2020) and are "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States,* 365 F.3d 1225, 1232 (11th Cir.) (citations and internal quotation marks omitted), *cert. denied,* 543 U.S. 891, 125 S.Ct. 167, 160 L.Ed.2d 154 (2004).

---

[3]     Maiten parenthetically argues that the factual basis of the plea did not cure the defective indictment. (*See* Doc. 46-1, PageID. 176).

**B.** ***Rehaif v. United States***. In *Rehaif v. United States,* \_\_\_ U.S. \_\_\_, 139 S.Ct. 2191, 204 L.Ed.2d 594 (2019), decided on June 21, 2019, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. Here, all of Maiten's claims for relief hinge on the Supreme Court's decision in *Rehaif.* (*Compare* Doc. 46, at PageID. 165 ("The U.S. did not have subject matter jurisdiction to impose sentence in violation of my due process based on *Rehaif v. U.S.*") *with* Doc. 46-1, PageID. 176 ("[T]he United States Supreme Court established in <u>Rehaif</u>, that (1) the Indictment in this case was defective, i.e., it failed to state an offense against the United States; (2) that the factual basis of the plea did not cure the defective Indictment; (3) the guilty plea was unknowingly and involuntarily given; and (4) the Court failed to establish subject matter jurisdiction and thus, had no authority to proceed in the case. Therefore, the conviction and sentence must be vacated.")).

Unfortunately for Maiten, *Rehaif* did not announce a new rule of constitutional law; instead, it merely clarified the statutory elements for prosecution under 18 U.S.C. § 922(g). *In re Palacios,* 931 F.3d 1314, 1315 (11th Cir. 2019); *see also In re Price,* 964 F.3d 1045, 1049 (11th Cir. 2020) ("<u>Rehaif</u> did not announce a new rule of <u>constitutional</u> law[.]"). However, even had *Rehaif* announced a new rule of constitutional law, it would not be one which Maiten could take advantage of because the Eleventh Circuit has made clear that the holding in *Rehaif* was not made retroactive to cases on collateral review by the Supreme Court. *In re Palacios, supra,* 931 F.3d at 1315; *In re Price,*

*supra,* 954 F.3d at 1049 ("<u>Rehaif</u> did not announce a new rule of <u>constitutional</u> law and, even if it did, it has not been made retroactive to cases on collateral review by the Supreme Court."). Therefore, because all of Maiten's claims hinge on *Rehaif* and the Supreme Court has not made that decision retroactive to cases on collateral review, this Court should deny and dismiss Petitioner's motion to vacate. Nevertheless, even assuming *Rehaif* applies retroactively, Maiten is not entitled to relief for the reasons hereinafter delineated.

1. <u>**Jurisdictional Claim**</u>. Maiten's primary contention is that his conviction and sentence must be vacated because this Court lacked subject-matter jurisdiction to hear his case. (*See* Doc. 46-1. PageID. 181 ("Finally and ***most importantly***, the Court lacked Subject matter jurisdiction[.]")).

The Eleventh Circuit's recent decision in *United States v. Moore,* 954 F.3d 1322 (11th Cir. 2020), puts Maiten's jurisdictional claim to rest. As the appellate court explained in *Moore,*

> [T]he law is clear: the omission of an element in an indictment does not deprive the district court of subject matter jurisdiction. A defective indictment only affects jurisdiction when it fails to allege an offense against the United States. So long as the conduct described in the indictment is a criminal offense, the mere omission of an element does not vitiate jurisdiction.

*Id.* at 1336. And as recognized in *Moore,* "[t]he standard for whether an indictment sufficiently alleges a crime is not demanding[,]" such that  an indictment is sufficient if it tracks the statutory language and states the approximate time and place of the alleged crime. *Id.* at 1332. In this case, as was the case in *Moore,* the indictment returned

against Maiten meets the standard for alleging a crime, reading, in pertinent measure, as follows:

> On or about February 19, 2017, in the Southern District of Alabama, Northern Division, the defendant, **RODDRICUS CORDELL MAITEN**[,] having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, to-wit: Assault in the First Degree, on or about February 9, 2011, in the Circuit Court of Perry County, Alabama, case number CC-2010-000054, did knowingly possess, in and affecting interstate commerce, a firearm, namely, a Hi-point Model C 9mm caliber handgun bearing the serial number P212217[, i]n violation of Title 18, United States Code, Section 922(g)(1).

(Doc. 1, PageID. 1). This indictment, like the one in *Moore,* "tracks—and cites—the language from 18 U.S.C. § 922(g)(1), which states: 'It shall be unlawful for any person . . . who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition.'" *Moore, supra,* 954 F.3d at 1333, quoting 18 U.S.C. § 922(g)(1). Thus, this "indictment [against Maiten] was clearly sufficient prior to *Rehaif*[]" and while it certainly does not allege that Maiten was aware of his status as a felon at the time he possessed the firearm (*see* Doc. 46-1, PageID. 179 ("In this case, the Indictment failed to incorporate the mens rea of 18 U.S.C. section 924(a).")), "the text of 18 U.S.C. § 922(g)(1) contains no such requirement." *Moore,* 954 F.3d at 1333.

> In *Rehaif*, the Supreme Court interpreted the statutory language of 18 U.S.C. § 922(g) as requiring a defendant to have knowledge of his status. Reading this knowledge requirement into the statute while also holding that indictments tracking the statute's text are insufficient would be incongruous. Although the government may be well advised to include such mens rea allegations in future indictments, that language is not required to establish jurisdiction.

*Id.*

Based upon the foregoing, it is clear that the indictment returned against Maiten meets the standard for alleging a crime, as it tracks and cites the statutory language in 18 U.S.C. § 922(g)(1), identifies the specific firearm he possessed, and states the approximate time and place of the alleged crime; the absence of the *mens rea* element (that is, that Maiten knew of his status as a felon at the time he possessed the firearms) did not deprive this Court of jurisdiction. *Moore, supra,* 954 F.3d at 1333 & 1336.

In addition, the Supreme Court's decision on the merits in *Rehaif* supports the rejection of Maiten's jurisdictional argument. "[T]he indictment the Supreme Court evaluated in *Rehaif* omitted the mens rea element[,]" *Moore, supra,* 954 F.3d at 1336, the same defect Maiten attacks in this case (Doc. 46-1, PageID. 179). And since the Supreme Court went on to address the merits of *Rahaif's* conviction without addressing subject matter jurisdiction, despite jurisdiction being a threshold issue that the Supreme Court must consider, *Moore,* 954 F.3d at 1336, citing *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94, 118 S.Ct. 1003, 1012, 140 L.Ed.2d 210 (1998) ("On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." (internal quotation marks omitted)), it is clear that the *mens rea* defect identified in *Rehaif*, the same as identified herein, is not a defect depriving this (or any district) court of subject-matter jurisdiction. *Id.* ("Had the defect in *Rehaif*—the same defect we consider here—been jurisdictional, the Supreme Court would have ruled on that ground rather than on the merits.").

For the foregoing reasons, therefore, the undersigned recommends that the Court find that any defect in the instant indictment did not deprive it of subject matter jurisdiction.

**2.** **Procedural Default**. The Government stakes the position in its response in opposition that Maiten's remaining non-jurisdictional claims—that the indictment was defective/insufficient and that his plea was unknowing and involuntary[4]—are procedurally defaulted. (Doc. 52, PageID. 229). "Under the procedural default rule, a defendant generally must raise an available challenge to a conviction or sentence either before the district court or on direct appeal, 'or else the defendant is barred from presenting that claim in a § 2255 proceeding.'" *Magluta v. United States,* 660 Fed.Appx. 803, 809 (11th Cir. Aug. 30, 2016) (quoting *Lynn, supra,* 365 F.3d at 1234), *cert. denied,* ___ U.S. ___, 137 S.Ct. 2292, 198 L.Ed.2d 750 (2017);[5] *see also Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003) ("The background for our discussion is the general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."); *McKay v. United States,* 657 F.3d 1190, 1196 (11th Cir. 2011) ("Under the

---

[4] Maiten's overarching contention is that the indictment was defective/insufficient and his plea was not knowing and voluntary because the *mens rea* element of the crime was not expressly mentioned in the indictment, plea agreement, or plea colloquy. As reflected above, the Eleventh Circuit's decision in *Moore, supra,* effectively lays to rest Maiten's defective indictment argument inasmuch as *Moore* makes clear that the indictment in this case meets the standard for alleging a crime. *See Moore, supra,* 954 F.3d 1333 & 1336.

[5] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

procedural default rule, 'a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.'"), *cert. denied,* 568 U.S. 830, 133 S.Ct. 112, 184 L.Ed.2d 52 (2012). "This rule generally applies to all claims, including constitutional claims[,]" *Lynn, supra,* 365 F.3d at 1234 (citations omitted), and certainly applies to defective/insufficient indictment claims, *see Magluta, supra,* 660 Fed.Appx. at 809 (acknowledging the procedural default doctrine applies to challenges to the sufficiency of an indictment), and challenges to the voluntariness of a plea, *see, e.g., Estupinan v. United States*, 2019 WL 3254955, *2 (S.D. Fla. July 1, 2019) (finding that a defendant who fails to raise an available challenge to the voluntariness of a guilty plea on direct appeal is barred from raising that claim in a collateral proceeding pursuant to the procedural default doctrine), *report and recommendation adopted sub nom. Cajiao v. United States,* 2019 WL 3252227 (S.D. Fla. July 19, 2019).

Here, of course, Maiten did not file a direct appeal; therefore, his defective/insufficient indictment and involuntary/unknowing plea claims are procedurally barred from being raised in his § 2255 motion.[6] However, there are two exceptions to the procedural default rule, neither which applies in this case. "The exceptions are: (1) for cause and prejudice, or (2) for a miscarriage of justice, or actual innocence." *McKay, supra,* 657 F.3d at 1196 (citation omitted).

> Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error. Under the second exception, a court may allow a defendant to proceed

---

[6] The undersigned notes as well that Maiten did not raise these two claims to the district court at any time during the course of his guilty plea proceeding or at sentencing.

with a § 2255 motion despite his failure to show cause for procedural
default if a constitutional violation has probably resulted in the conviction
of one who is actually innocent.

*Lynn, supra,* 365 F.3d at 1234 (internal citations and quotation marks omitted; emphasis

in original).

This Court can easily dispense of both exceptions. Maiten does not argue to this

Court that the cause and prejudice exception applies (*see* Doc. 46 & Doc. 46-1) and,

therefore, this Court need "not address this exception." *McKay, supra,* 657 F.3d at 1196

("Because McKay does not argue on appeal that the cause and prejudice exception

applies—nor for that matter did he do so at the district court—we do not address this

exception."). The second narrow exception does not apply because Maiten has not

supplied any evidence to this Court establishing his actual, factual innocence of the

charged crime of being a felon in possession of a firearm. *Compare Schlup v. Delo,* 513

U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995) (finding that, to be credible,

a claim of actual innocence "requires petitioner to support his allegations of

constitutional error with new reliable evidence--whether it be exculpatory scientific

evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not

presented at trial.") and *id.* at 327, 115 S.Ct. at 867 ("To establish the requisite

probability, the petitioner must show that it is more likely than not that no reasonable

juror would have convicted him in the light of the new evidence.") *with McQuiggin v.*

*Perkins,* 569 U.S. 383, 386, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013) ("[T]enable

actual-innocence gateway pleas are *rare*: '[A] petitioner does not meet the threshold

requirement unless he persuades the district court that, in light of the new evidence, no

juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" (emphasis supplied)) and *San Martin v. McNeil,* 633 F.3d 1257, 1268 (11th Cir.) ("The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent."), *cert. denied,* 565 U.S. 843, 132 S.Ct. 158, 181 L.Ed.2d 73 (2011). Indeed, Maiten makes no explicit or implicit actual innocence argument (*see* Doc. 46-1), nor can he credibly claim he is actually innocent, because, at the time of this offense, he had already been sentenced to a custodial sentence exceeding a year—as made clear in the factual resume attached to the plea agreement, the plea colloquy, and the PSR—and knew that he was prohibited from possessing a firearm because of his status as a convicted felon (*see, e.g.,* Doc. 51, PageID. 214 (Maiten expressly stated that he "did have a gun[]" despite knowing that he was not "supposed to have it.")).  Accordingly, this is not one of those rare cases in which the actual innocence exception is applicable. Because neither exception is applicable, federal review of the claims he raised in his § 2255 motion (Doc. 46), save with respect to the jurisdictional claim, is precluded.[7] Therefore, the

_____

[7]        If the Court finds it necessary to address Maiten's non-jurisdictional claims, it should find those claims unavailing under the applicable plain error review standard, *see United States v. Reed,* 941 F.3d 1018, 1020 (11th Cir. 2019) (applying plain error review to *Rehaif* indictment claim), for those reasons articulated in the Government's brief (*see* Doc. 52, PageID. 234-39). The undersigned would simply note that even assuming plain error, Maiten cannot "show a reasonable probability that, but for the error, the outcome of the proceeding would have been different[.]" *Molina-Martinez v. United States* 578 U.S. ___, 136 S.Ct. 1338, 1343, 194 L.Ed.2d 244 (2016) (citation omitted; internal quotation marks omitted). Maiten stipulated in the factual resume, made a part of the plea agreement, and admitted during the plea colloquy that he had been convicted of first-degree assault in an Alabama court, a crime for which he could have served more than one year in custody, and that he possessed a handgun. Moreover, he acknowledged during sentencing that he possessed the handgun and that he knew he was prohibited from possessing and owning a handgun. (*See* Doc. 51, PageID. 214 (Maiten expressly stated that he "did have a gun[]" despite knowing that he was not "supposed to have (Continued)

Magistrate Judge recommends that the Court deny/dismiss Maiten's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.

      **C.**    <u>**Certificate of Appealability.**</u>  Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2).  Here, Maiten's habeas petition is being denied on the merits, with respect to his jurisdictional claim, such that a COA should issue only when the Petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[,]" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see also id.* at 483-484, 120 S.Ct. at 1603-1604 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a

---

it.")). Thus, because the record before this Court indisputably establishes that Maiten knew he was a felon and that he possessed a firearm, he cannot demonstrate that the errors he cites to affected his substantial rights or the fairness, integrity or public reputation of judicial proceedings. *See, e.g., United States v. Johnson,* 805 Fed.Appx. 740, 743 (11th Cir.    Feb. 26, 2020) (finding defendant could not show that error[s] affected his substantial rights where "indictment alleged he had four prior felony convictions, he stipulated before trial that he was a felon, and he admitted at sentencing that he had been convicted of multiple felony offenses for which he served lengthy terms in prison before possessing the firearm."), *cert., denied,* ___ U.S. , ___ S.Ct. ___, 2020 WL 3405984 (June 22, 2020).

constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"); *see Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"), but also on procedural grounds without reaching the merits of his non-jurisdictional claims, such that "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[,]" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). As for the jurisdictional claim, it is recommended that the Court find that reasonable jurists could not debate whether Maiten's § 2255 habeas petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. Moreover, given the applicability of the procedural default doctrine (as well as Petitioner's inability to establish one of the narrow exceptions to application of this doctrine) with respect to Maiten's non-jurisdictional claims, a reasonable jurist could not conclude that this Court is in error for summarily dismissing this portion of Maiten's motion to vacate, nor could a reasonable jurist conclude that petitioner should be

allowed to proceed further with respect to his non-jurisdictional claims. *Slack, supra,* 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, petitioner is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-00165-WS-C, Doc. 14 (order from Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge is of the opinion, based on the foregoing discussion, that Petitioner's motion to vacate, set aside or correct his sentence (Doc. 46) should be **DENIED/DISMISSED** and this case dismissed with prejudice. Petitioner is not entitled to

a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 19th day of November, 2020.

    s/P. Bradley Murray
   **UNITED STATES MAGISTRATE JUDGE**